IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANITRA DIAMOND and LEBARRON YATES, individually and on behalf of all others similarly situated, | * * * * |
| Plaintiffs, | * * |
| vs. | * Civil Action No.: 1:15-cv-00204 |
| | * |
| KIMBERLY HASTIE, in her individual and official capacity as the Mobile County License Commissioner and a Mobile County employee; et al., | * * * * |
| Defendants. | * |

**MOTION TO EXTEND STAY FOR NINE MONTHS**

Comes now the defendant, Kimberly Hastie, individually and in her official capacity as the Mobile County License Commissioner and a Mobile County employee, and moves the Court to extend the stay of all proceedings related to this matter for nine months during the appeal of the conviction of Kimberly Hastie in Case No. 1:14-CR-00291-CG-N. As grounds for this motion, Mrs. Hastie shows:

1. At the request of all parties, this Court entered an Order staying this case until September 1, 2015. [Doc. 9]. In its Order, the Court noted that a district court has the ability to stay an action to control its docket and manage its cases. [Doc. 9]; *see also Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000). A district court may stay an action pending the resolution of related proceedings but such stay must not be "immoderate." *Id.*

2. In considering whether a stay is "immoderate," courts examine the scope and duration of the stay, as well as the reasons for the stay. *Id.* (citations omitted). A stay that is for

an "indefinite duration" and is absent of "a pressing need" may be immoderate. *Landis v. North Amer. Co.*, 299 U.S. 248, 255 (1936). However, district courts are vested with substantial discretion to stay civil proceedings in the face of a parallel criminal action where the interests of justice favor doing so. *Doe 1 v. City of Demopolis*, No. CIV A 09-0329-WS-N, 2009 WL 2059311, at *2 (S.D. Ala. July 10, 2009).

3. There is a pressing need to extend the stay in this case and the interests of justice favor doing so. On June 8, 2015 Kimberly Hastie was convicted for the "Prohibited Release and Use of Personal Information from State Motor Vehicle Records." *United States v. Hastie*, Case No. 1:14-CR-00291-CG-N, Docs. 45 and 254 (S.D. Ala. June 8, 2015). On June 19, 2015, Mrs. Hastie moved the Court for acquittal or in the alternative a new trial on the conviction. *Id.* at Doc. 262. The Court denied the motion. *Id.* at Doc. 265. Mrs. Hastie will be sentenced for her conviction on September 4, 2015.

4. The present stay in this case expires on September 1, 2015. While Mrs. Hastie will be sentenced on September 4, 2015 for her conviction, referenced above, in Case No. 1:14-CR-00291-CG-N, she plans to timely appeal this conviction to the Eleventh Circuit Court of Appeals. One ground for Mrs. Hastie's appeal in Case No. 1:14-CR-00291-CG-N will be the unconstitutional nature of her conviction based upon a vague definition from a confusing statute. *See Elonis v. United States*, 135 S.Ct. 2001 (2015); *Johnson v. United States*, 135 S.Ct. 2551 (2015).

5. The unconstitutional nature of the statute on which Mrs. Hastie's criminal conviction was based is a "special circumstance" which mandates a stay in this case in the "interests of justice." *See S.E.C. v. Wright*, 261 Fed. App'x 259, 263 (11th. Cir. 2008) (citing

*United States v. Lot 5, Fox Grove*, 23 F.3d 359, 364 (11th Cir. 1994)). *See also Doe 1*, 2009 WL 2059311 at *2-3;

6. Accordingly, Mrs. Hastie respectfully moves the Court to extend the stay in this case for nine months, until June 1, 2016, pending the outcome of the appeal of the criminal conviction in the case *United States v. Hastie*, Case No. 1:14-CR-00291-CG-N. Should the appeal and final resolution of the issues on appeal conclude prior to the nine month stay, Mrs. Hastie will agree to this Court lifting the stay early.

                                                    Respectfully submitted,

                                                    */s/ J. Burruss Riis*
                                                    J. BURRUSS RIIS (RIISJ8057)
                                                    DOUGLAS L. MCCOY (MCCOD5015)
                                                    CHRISTOPHER S. WILLIAMS (WILLC7030)
                                                    Attorneys for Kimberly Hastie in her official
                                                    capacity as the Mobile County License
                                                    Commissioner and a Mobile County employee

OF COUNSEL:
HAND ARENDALL LLC
P.O. Box 123
Mobile, AL 36601-0123
Tel:   (251) 432-5511
Fax:   (251) 694-6375
briis@handarendall.com
dmccoy@handarendall.com
cwilliams@handarendall.com

                                                    */s/ Buzz Jordan*
                                                    JOE CARL "BUZZ" JORDAN
                                                    As attorney for Kimberly Hastie, individually

Buzz Jordan, Attorney
1111 Dauphin Street
Mobile, AL 36604
Tel.: (251) 432-5400
buzz@rossandjordan.com

## **CERTIFICATE OF SERVICE**

I do hereby certify that, on August 20, 2015, I filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kasie M. Braswell
D. Brian Murphy
Braswell Murphy, LLC
59 Saint Joseph Street
Mobile, AL 36602

*/s/ J. Burruss Riis*

2183176_1.docx