IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANITRA DIAMOND and LEBARRON YATES, individually and on behalf of all Others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| versus | ) ) | Civil Action No.: 1:15-cv-00204 |
| KIMBERLY HASTIE, in her individual and official capacity as the Mobile County License Commissioner and a Mobile County Employee, et al., | ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO EXTEND STAY**

The plaintiffs, by and through the undersigned counsel, oppose the defendant's motion to extend stay (Doc. 10) as follows:

**I.    LEGAL STANDARD**

The district court has discretion to stay proceedings to control its docket and in the interests of justice. CTI-Container Leasing Corp. v. Uiterwyk Corp., 685 F.2d 1284, 1288 (11th Cir. 1982) (quoting McKnight v. Blanchard, 667 F.2d 477, 479 (5th Cir. 1982)).  However, abstention from the exercise of federal jurisdiction, even for only a period of time, is an extraordinary and narrow exception, not the rule.  Moses Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 14 (1983) (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976).  Such an abdication of a district court's obligation to decide a case properly before it is justified only under exceptional circumstances.  Id.

There are four factors courts should consider when ruling on a motion to stay: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.  Hilton v. Braunskill, 481 U.S. 770, 776 (1987); Venus Lines Agency v. CVG Industrial Venezolana de Aluminio, C.A., 210 F. 3d 1309, 1313 (11th Cir. 2000).  Because the defendant has failed to show that she meets these factors, this Court should deny the defendant's motion to extend the stay.

## II. ARGUMENT

The only basis provided by the defendant for the proposed extension of stay is that the defendant believes her criminal conviction is based on an unconstitutional statute.  Motion to Extend Stay at 2.  The defendant was convicted for the "Prohibited Release and Use of Personal Information from State Motor Vehicle Records," pursuant to 18 U.S.C. § 2721.  Id.  The defendant was denied both an acquittal and a new trial, but she plans to appeal her conviction based on the unconstitutionality of § 2721.  Id.  However, as part of the Driver's Privacy Protection Act ("DPPA"), § 2721 has already been upheld as constitutional.  Reno v. Condon, 528 U.S. 141 (2000); see also Maracich v. Spears, 133 S. Ct. 2191 (2013).  As such, the defendant's appeal does not constitute a "special circumstance" justifying a stay of the civil case pending appeal.  See United States v. Kordel, 397 U.S. 1, 11 (1970).  Because she has already been convicted of violating the DPPA, and the DPPA has been upheld as constitutional, the defendant can in no way show that she has likelihood to succeed on the merits—neither in this case nor on appeal.

Moreover, to the extent the defendant plans to argue on appeal that email addresses are not "personal information" contemplated by the DPPA, this Court has already ruled on this issue in the defendant's criminal case, conclusively establishing that email addresses are included in the definition of "personal information."  Order (Doc. 140), United States v. Hastie, No. 1:14-cr-00291-KD at 6.  Because this ground for appeal presents a narrow legal issue, it should not impair the defendant's ability to provide a complete and truthful testimony in the case at hand, nor will her Fifth Amendment rights be impacted.  See SEC v. Wright, 261 Fed. Appx. 259, 263 (11th Cir. 2008) ("the blanket assertion of the privilege against self-incrimination is an inadequate basis for the issuance of a stay").

Additionally, the defendant has not shown how denying her motion to extend stay will cause her irreparable harm.  She offers no justification for her arbitrary request of a nine-month stay.  Her criminal trial is no longer pending and she has yet to file an appeal from her conviction.  At the very least, the defendant's motion is premature and the defendant should be required to move to stay the case *after* a notice of appeal is filed.  Or, in the alternative, a motion to extend the stay should be granted only until the deadline for the defendant's notice of appeal -- 14 days under federal law.  Fed. Rule App. Proc. 4(b).

Moving forward with this case will not prejudice the defendant and it is the most practical and efficient course for the plaintiffs and the putative class members.  The plaintiffs' and class members' personal information was disclosed, in violation of their rights under the DPPA.  Not only is it in their interest to have this controversy resolved in a timely manner, but it is in the public interest to see that the defendant is held accountable for violating a federal statute meant to protect citizens' privacy from abuse by government officials.[1]  Because all four factors

---

[1] See Order (Doc. 140), United States v. Hastie, No. 1:14-cr-00291-KD at 3., fn. 2 (quoting Congressional Record, Senate Proceedings & Debates of the 103rd Congress, First Session Tuesday, Nov. 16, 1993; 139

weigh in favor of continuing with this suit, this Court should deny the defendant's motion to extend the stay.

### III. CONCLUSION

The defendant has failed to meet her burden to show the propriety of extending the stay in this proceeding. For the reasons stated herein, the plaintiffs request that the defendant's motion to extend the stay be denied.

/s/ Kasie M. Braswell
Kasie M. Braswell (brask5769)
D. Brian Murphy (murphd0754)
Attorneys for Plaintiffs
BRASWELL MURPHY, LLC
59 Saint Joseph Street
Mobile, Alabama 36602
Tel: (251) 438-7503
Fax: (251) 438-7949
kasie@braswellmurphy.com
brian@braswellmurphy.com

/s/ W. Daniel Dee Miles, III
W. Daniel "Dee" Miles, III
Archie I. Grubb, II
Attorneys for Plaintiffs
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, Alabama 36104
Tel: (334) 269-2343
Fax: (334) 954-7555
dee.miles@beasleyallen.com
archie.grubb@beasleyallen.com

---

Cong. Rec. S15745-01, 1993 WL 40986: "The right to privacy, without which Americans are not secure in their own homes, is seriously threatened. It is easy for anyone anywhere to access information as personal as your address and phone number, even if they are not listed in the telephone directory. Even your Social Security number is available, *and the chief agent giving out this kind of information is the very government that is supposed to protect its citizens.*" Statement of Chuck Robb, Senator of Virginia) (emphasis supplied).

4

**CERTIFICATE OF SERVICE**

  I certify that on August 28, 2015, I filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

J. Burruss Riis, Esq.
Douglas L. McCoy, Esq.
Christopher S. Williams, Esq.
HAND ARENDALL LLC
P.O. Box 123
Mobile, Alabama 36601-0123
briis@handarendall.com
dmccoy@handarendall.com
cwilliams@handarendall.com

Joe Carl "Buzz" Jordan, Esq.
Attorney at Law
1111 Dauphin Street
Mobile, Alabama 36604
buzz@rossandjordan.com

       */s/ Kasie M. Braswell*