IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANITRA DIAMOND and ) | |
| LEBARRON YATES, ) | |
| Individually and on behalf ) | |
| of all others similarly situated, ) | |
|     Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 15-204-KD-C |
| ) | |
| KIMBERLY HASTIE, in her ) | |
| Individual and official capacity ) | |
| as the Mobile County License ) | |
| Commissioner and a Mobile County ) | |
| employee; et al., ) | |
|     Defendants. ) | |

**ORDER**

This matter is before the Court on Defendant's motion to extend the stay in this case for nine additional months (Doc. 10) and Plaintiffs' Response in Opposition (Doc. 14). This matter was previously stayed until September 1, 2015. (Doc. 9). Defendant moves to extend the stay to June 1, 2016. In support she cites the parallel criminal matter (*United States v. Hastie*, 14-CR-291) which involves the Defendant's recent conviction for violation of the Driver's Privacy Protection Act ("DPPA") 18 U.S.C. § 2721, *et seq*. The Defendant's sentencing is set for September 4, 2015. The instant complaint seeks damages on behalf of a class, alleging the Defendant violated the DPPA.

It is well settled that "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). As outlined in *Doe 1 v. City of Demopolis*:

> Absent special circumstances, the mere existence of parallel criminal and civil proceedings does not compel stay of the latter. *See, e.g., United States v. Lot 5, Fox Grove, Alachua County, Fla.*, 23 F.3d 359, 364 (11th Cir.1994) ("a court

> must stay a civil proceeding pending resolution of a related criminal prosecution only when special circumstances so require in the interests of justice"); *U.S. ex rel. Gonzalez v. Fresenius Medical Care North America,* 571 F.Supp.2d 758, 762 (W.D.Tex.2008) ("a mere relationship between civil and criminal proceedings and the prospect that discovery in the civil case could prejudice the criminal proceeding does not necessarily warrant a stay"). Nonetheless, district courts are vested with substantial discretion to stay civil proceedings in the face of a parallel criminal action where the interests of justice favor doing so. *See, e.g., GLL GmbH & Co. Messeturm KG v. La Vecchia,* 247 F.R.D. 231, 233 (D.Me.2008) ("It is within the Court's discretion whether to stay civil litigation in deference to parallel criminal proceeding, and it is to be exercised along prudential lines and only where the interests of justice counsel in favor of the stay."); *Dominguez,* 530 F.Supp.2d at 905 (recognizing district courts' "authority to stay a civil proceeding pending the resolution of a criminal proceeding when the interests of justice so require"); *Chao v. Fleming,* 498 F. Supp .2d 1034, 1037 (W.D.Mich.2007) ("While nothing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment, a court still has broad discretion in determining whether to stay a civil action while a criminal action is pending or impending.").
>
> In exercising that discretion, courts balance the interests of the parties, the courts and the public, including such considerations as "1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest." *Fleming,* 498 F.Supp.2d at 1037 (citation omitted). Although many factors may be relevant, "the similarity of issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay." *Dominguez,* 530 F.Supp.2d at 906–07;*see also Fleming,* 498 F.Supp.2d at 1039 (degree of overlap is "the most important factor" because absent such overlap there would be no need for a stay) (citations omitted).

2009 WL 2059311, at *2-3 (S.D. Ala. July 10, 2009). The Defendant indicates "[o]ne ground for [her] appeal [in the criminal case] will be the unconstitutional nature of her conviction based upon a vague definition from a confusing statute." (Doc. 10 at 2). The same statute is at issue in the civil case currently before the Court.

If the Defendant is successful in her criminal appeal, its adjudication may have a preclusive effect on the question of whether the Defendant has violated the DPPA, thus

potentially relieving her of civil liability. Conversely, if she is unsuccessful in her appeal, the civil matter will likely go forward undisturbed. Under the circumstances presented here, the Court agrees that a stay is appropriate.

Though Plaintiffs have voiced opposition to the stay, they cite to two cases containing the inapplicable standard for the Court to consider. Both *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) and *Venus Lines Agency v. CVG Industrial Venezolana de Aluminio, C.A.*, 210 F. 3d 1309, 1313 (11th Cir. 2000) address factors the Court is to consider when ruling a motion filed pursuant to *Fed. R. Civ. P.* 62. Specifically, *Hilton* addressed the stay of an order pending appeal, rather than the stay of an entire matter. ("Different Rules of Procedure govern the power of district courts and courts of appeals to stay an order pending appeal. *See* Fed.Rule Civ.Proc. 62(c); Fed.Rule App.Proc. 8(a).") *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

In light of the above, the Court finds that the interests of justice favor entry of a stay of this action in deference to the pending, parallel criminal proceedings against the Defendant. Accordingly, the motion to stay (Doc. 10) is **GRANTED and the matter is STAYED until June 1, 2016**. Should circumstances change or the appeal concludes prior to June 1, 2016, upon motion by either party, the Court will consider lifting the stay at an earlier date. Further, if no appeal is timely filed, the Court recognizes that a stay may be unnecessary.

**DONE** and **ORDERED** this **1st** day of **September 2015**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**