## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISON

| | | |
|---|---|---|
| **ANITRA DIAMOND and LEBARRON YATES, Individually and on behalf of all others similarly situated,** | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Civil Action: 1:15-cv-0204-KD-C |
| **KIMBERLY HASTIE, in her individual Capacity, Nick Matranga as the Mobile County License Commissioner and a Mobile County employee, et al.,** | § § § § § § | |
| Defendant. | § | |

### DEFENDANT KIMBERLY HASTIE, IN HER INDIVIDUAL CAPACITY, ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT

**COMES NOW** the Defendant, Kimberly Hastie and answers Plaintiffs Complaint as follows:

### JURISDICTION AND VENUE

1. No answer required by Defendant.

2. Admitted.

3. Admitted.

### PARTIES

4. Defendant has insufficient information to admit or deny the stated allegation and therefore denies same.

5. Denied.

6. N/A to this Defendant.

1

7. N/A to this Defendant.

## FACTS

8. Defendant has insufficient information to admit or deny the stated allegation as it calls for a legal conclusion.

9. Defendant has insufficient information to admit or deny the stated allegation as it calls for a legal conclusion.

10. Denied.

11. Denied.

## COUNT ONE – VIOLATION OF THE DPPA

12. See prior answers.

13. Admitted up to the date the Complaint was filed.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Defendant has insufficient information to admit or deny the stated allegation and therefore denies same.

19. Defendant has insufficient information to admit or deny the stated allegation and therefore denies same.

20. Defendant has insufficient information to admit or deny the stated allegation as it calls for a legal conclusion and therefore denies same.

21. Defendant has insufficient information to admit or deny the stated allegation as it calls for a legal conclusion and therefore denies same.

22. Defendant has insufficient information to admit or deny the stated allegation as it calls for a legal conclusion and therefore denies same.

23. Defendant has insufficient information to admit or deny the stated allegation as it calls for a legal conclusion and therefore denies same.

24. Denied.

25. Denied.

26. Defendant has insufficient information to admit or deny the stated allegation as it calls for a legal conclusion and therefore denies same.

## COUNT II – VIOLATION OF 42 USC §1983

27. See previous answers.

28. Defendant has insufficient information to admit or deny the stated allegation as it calls for a legal conclusion and therefore denies same.

29. Defendant has insufficient information to admit or deny the stated allegation as it calls for a legal conclusion and therefore denies same.

30. Denied.

31. Defendant has insufficient information to admit or deny the stated allegation as it calls for a legal conclusion and therefore denies same.

## CLASS ALLEGATIONS

32. See previous answers.

33. Defendant has insufficient information to admit or deny the stated allegation as it calls for a legal conclusion and therefore denies same.

34. Defendant has insufficient information to admit or deny the stated allegation as it calls for a legal conclusion and therefore denies same.

35. Defendant has insufficient information to admit or deny the stated allegation as it calls for a legal conclusion and therefore denies same.

36. Defendant has insufficient information to admit or deny the stated allegation as it calls for a legal conclusion and therefore denies same.

37. Defendant has insufficient information to admit or deny the stated allegation as it calls for a legal conclusion and therefore denies same.

38. Defendant has insufficient information to admit or deny the stated allegation as it calls for a legal conclusion and therefore denies same.

39. Defendant has insufficient information to admit or deny the stated allegation as it calls for a legal conclusion and therefore denies same.

## **DEFENSES**

### First Defense

Plaintiffs' Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### Second Defense

Plaintiffs' claims are barred by applicable statute of limitations and statutes of repose and statutes setting "notice" requirements, specifically including but not limited to Alabama Code sections 11-12-8 *et seq.*, 6-5-20, and 11-12-1 *et seq.*

### Third Defense

Plaintiffs' lack standing, authority, and/or the requisite legal capacity to maintain the present lawsuit and each and every claim and/or cause of action asserted herein.

### Fourth Defense

At all times material to the allegations of the Complaint, Defendant acted with lawful justification and/or privilege.

### Fifth Defense

At all times material to the allegations of the Complaint, this defendant used discretionary judgment.

### Sixth Defense

Plaintiffs' claims against this defendant in her individual capacity are barred because she is entitled to qualified immunity.

### Seventh Defense

Any award of damages in this case would violate the Eighth Amendment to the United States Constitution as an excessive fine.

### Eighth Defense

Any award of damages in this case will violate Article I, § 15 of the Constitution of Alabama as an excessive fine.

### Ninth Defense

The imposition of damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as Article I, § 6 and 15 of the Constitution

of Alabama by failing to provide clear, distinct, and adequate guidelines as to each of the following:

    (a) the general standards applicable to such an award;

    (b) the protection of the defendant's right to equal protection under the law;

    (c) the protection of the defendant's rights to procedural and substantive due process;

    (d) the procedures for distinguishing among different alleged wrongful acts or omissions of multiple defendants who are subject to joint and several judgments;

    (e) the appropriate distribution of a punitive award among joint defendants;

    (f) the appropriate and specific standards and/or burdens of proof for such an award;

    (h) the appropriate amount of a punitive award;

    (i) the appropriate procedures for imposing a punitive award;

    (j) the appellate standard of review of an award of punitive damages;

    (k) the introduction of evidence regarding punitive damages in the same proceeding(s) wherein liability and compensatory damages are determined;

    (l) the need for separate proceedings (either by trifurcation or bifurcation) in order to determine whether punitive liability exists and the amount of punitive damages to be awarded;

    (m) the types and/or degree of conduct warranting punitive damages;

    (n) guidance regarding the reasonable relationship between the conduct complained of and the imposition of punitive damages;

    (o) safeguards to prevent arbitrary or unjust awards of punitive damages;

(p) reasonable instruction and/or guidance regarding the ratio and/or relationship between the amount of compensatory damages awarded and the amount of punitive damages awarded;

(q) a reasonable limit and/or cap on the amount of punitive damages that a jury can award.

### Tenth Defense

Defendant is entitled to discretionary function (statutory) immunity.

### Eleventh Defense

Defendant acted in accordance with the law and pleads all statutes as well as the common law.

### Twelfth Defense

Defendant claims the protection of all applicable statutory caps on damages, specifically including but not limited to Alabama Code sections 11-93-1 and 11-93-2.

### Thirteenth Defense

Defendant is entitled to state-agent statutory, constitutional, and/or common law immunity.

### Fourteenth Defense

This Court lacks subject matter jurisdiction over this action and/or claims therein.

### Fifteenth Defense

Defendant asserts the doctrine of intervening or superseding causes to the extent that acts of individuals known and/or unknown or conditions known or unknown may constitute acts or

conditions of an independent character which this defendant had no duty or ability to control, thereby constituting an independent cause of any alleged injury to Plaintiffs.

### Sixteenth Defense

Defendant is entitled to substantive immunity.

### Seventeenth Defense

Defendant pleads consent.

### Eighteenth Defense

Defendant pleads collateral or judicial estoppel.

### Nineteenth Defense

Defendant pleads double jeopardy.

### Twentieth Defense

Defendant pleads res judicata.

### Twenty-First Defense

Defendant adopts any and all defenses asserted by any co-defendant.

### Twenty-Second Defense

Defendant reserves the right to amend this Answer to allege any and all additional defenses which discovery may reveal to be appropriate.

Respectfully submitted, this _____31st_____ day of July, 2017.

                    Respectfully submitted,

                    */s/ Buzz Jordan*
                    JOE CARL "BUZZ" JORDAN
                    Email: buzz@rossandjordan.com
                    BUZZ JORDAN, PC
                    1111 Dauphin Street
                    Mobile, AL 36604
                    251-432-5400

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have on this the ___31st___ day of July, 2017, served a copy of the foregoing pleading by electronic filing and/or by mailing the same by United States mail properly addressed and first class postage prepaid to the following:

Kasie M. Braswell
Dr. Brian Murphy
Braswell Murphy, LLC

Archie Grubb, II
Wilson Daniel "Dee" Miles, III
Beasley, Allen, Crow, Methvin, Portis & Miles

J. Burruss Riis
Douglas L. McCoy
Christopher S. Williams
Hand Arendall LLC

                    */s/ Buzz Jordan*
                    OF COUNSEL