UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ANITRA DIAMOND and LEBARRON YATES**, individually and on behalf of all others similarly situated, | * * * * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No.:  1:15-cv-00204 |
| | * | |
| **KIMBERLY HASTIE**, in her individual and official capacity as the Mobile County License Commissioner and a Mobile County employee at all times relevant to the events described herein; and **NICK MATRANGA**, in his individual and official capacity as the current Mobile County License Commissioner and a Mobile County employee, | * * * * * * * * * | |
| Defendants. | * * * | |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiffs Anitra Diamond and Lebarron Yates, individually and on behalf of all others similarly situated (the "Class Members" as defined below), for their Class Action Complaint against Defendants Kimberly Hastie and Nick Matranga:

**JURISDICTION AND VENUE**

1.      Plaintiffs, on behalf of themselves and the Class Members, bring this lawsuit against Defendants Hastie and Matranga in their personal and official capacities pursuant to 42 U.S.C. § 1983, *et seq.* and against all Defendants pursuant to 18 U.S.C. § 2721, for monetary damages as a proximate result of Defendants' violations of the rights, privileges, and immunities secured to Plaintiffs and the Class Members by the laws of the United States.

2.      This Court has jurisdiction pursuant to 18 U.S.C. § 1331.

3.     Venue is proper because all or a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this District.

## PARTIES

4.     Plaintiffs and Class Members reside in the Southern District of Alabama.  At all times material to this action, Plaintiffs held State issued driver's licenses, boating licenses and/or owned one or more motor vehicles registered with the State of Alabama Department of Revenue, Motor Vehicle Division.

5.     Defendant Kimberly Hastie is an individual residing in Mobile County, Alabama. At all times material hereto, Defendant Hastie was acting in an official capacity and within the course and scope of her employment with Mobile County as the Mobile County License Commissioner.  Plaintiffs seek judgment against Hastie for monetary damages in her individual and official capacity for acts taken under color of state law, which have subjected Plaintiffs and Class Members to deprivation of their rights, privileges, and immunities secured by the laws of the United States, specifically, their right of privacy secured to them under the Drivers' Privacy Protection Act, 18 U.S.C. § 2721, et. seq. (the "DPPA").

6.     Defendant Nick Matranga succeeded Defendant Hastie as Mobile County License Commissioner on October 1, 2015.  Pursuant to Federal Rule of Civil Procedure 25(d), Matranga as the current License Commissioner, is the proper defendant for Plaintiffs' official capacity claim. *Kentucky v. Graham*, 473 U.S. 159, 166 n. 11 (1985) ("In an official-capacity action in federal court, death or replacement of the named official will result in automatic substitution of the official's successor in office") (quoting Fed. R. Civ. P. 25(d)).

## THE LICENSE COMMISSION

7.     The Mobile County License Commission manages its own affairs and is not controlled or funded by the State of Alabama.

8.     Mobile County controls the License Commission's budget, subcontractors (the Mobile County Commission votes to approve or deny contracts of the License Commission's subcontractors), and personnel authority (giving or rescinding the License Commission's authority to hire new employees or to give raises to current employees without County Commission approval).[1]

9.     Mobile County's 2015-16 budget explicitly provides $6,480,015.00See/ in funding for the License Commission.[2]

10.    The License Commission is required to remit funds to the State of Alabama.

11.    Mobile County, not the State of Alabama, is responsible for satisfying judgments against the Mobile County License Commission.[3]

12.    The Mobile County License Commission is headed by the Mobile County License Commissioner.  The License Commissioner is a "county taxing official."[4]

13.    The License Commissioner oversees the License Commission's operations, departmental policy making, and ensures the Commission's compliance with applicable laws and regulations.

14.    The License Commissioner also is a member of the Supervisory Committee of the Mobile County Personnel Board.[5]  The County Personnel Board's duties include: accepting job applications for County job openings, including positions with the License Commission; testing

---

[1] See Mobile County Commission Agendas for December 14, 2015; January 25, 2016; February 18, 2016; August 8, 2016.
[2] See Mobile County 2016 Fiscal Year Budget.
[3] Ala Code §§ 11-1-2; 11-1-9.
[4] Ala. Code § 11-2-1(a) (3).
[5] "Mobile County Merit System Employee Manual" (rev. 07/11/17) at 2.

and screening County job applicants, including applicants for employment with the License Commission; establishing and maintaining employment registers, including employment registers for the License Commission; training County employees, including License Commission employees; clarifying personnel policy issues, including such issues pertaining to the License Commission; administering the Mobile County Merit System, an employment classification/compensation system in which License Commission employees participate; and handling employee grievances and appeals, including those involving License Commission employees.[6]

## **DPPA BACKGROUND**

15.     In 1994, to protect drivers' and motor vehicle owners' privacy, Congress enacted the DPPA, 18 U.S.C. § 2721-2725, prohibiting state departments of motor vehicles from disclosing motor vehicle owners' and drivers' personal information, including, but not limited to, their names, addresses and social security numbers, except under certain limited circumstances.

16.     The United States Supreme Court upheld the constitutionality of the DPPA in *Reno v. Condon*, 528 U.S. 141 (2000).

17.     Before June 1, 2000, the DPPA permitted states to imply consent of driver license holders and motor vehicle owners for the release of their personal information for marketing purposes if they were provided the opportunity to "opt out" of any plan or program whereby state departments of motor vehicles were disclosing the information for such purposes.

18.     United States Senator Richard Shelby saw the error in the "opt out" version of the law and led Congress to amend the DPPA on October 9, 1999, by enacting Pub. L. 106-69, Sec. 350(c) and (d) (the "Shelby" Amendment), eliminating the implied consent scheme.

---

[6] http://www.personnelboard.org/Information.html

19.     Effective June 1, 2000, the DPPA, as amended, prohibited any officer or employee of any state department of motor vehicles from knowingly disclosing or otherwise making available to any person or entity, personal information taken from motor vehicle records, for bulk distribution for surveys, marketing or solicitations, or for any other use in response to requests for individual motor vehicle records unless the state obtained the express consent of the person to whom the personal information pertained.

## DPPA VIOLATED

20.     During August 2013, Defendant Hastie, acting under color of the law, and in the course and scope of her employment, knowingly and under misinterpretation of federal law, authorized, directed, ratified, approved, acquiesced in, committed, or participated in, acts and practices in direct violation of the DPPA when she ordered an employee of the Mobile County License Commission to access Plaintiffs' and the Class Members' Personal Information contained in motor vehicle records.

21.     Hastie ordered the employee to access motor vehicle records and gather the email addresses of all Mobile County residents who reside within the city limits and place that Personal Information onto an electronic storage device (a "thumb drive").

22.     Hastie then ordered that the Personal Information be provided to the campaign of a local political candidate.  Non-parties Chad Tucker ("Tucker") and Strateco, LLC ("Strateco"), knowingly received the Personal Information and utilized it in order promote a local political candidate, a purpose not permitted under the DPPA.[7]

---

[7] Tucker is an individual residing in Mobile County, Alabama.  Tucker owns and operates Strateco. Tucker and Strateco received protected private information from the office of the Mobile County License Commissioner.  Tucker and Strateco were initially named as defendants in this case, but were dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).  See Dkt. 6 (May 6, 2015).

23.     At all times material to this action, the Defendants knew, or reasonably should have known, that their actions violated clearly established statutory and common law rights of the Plaintiffs and the Class Members.

## CLASS ALLEGATIONS

24.     This action is brought and may be properly maintained as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure.

25.     The members of the class include all those who had their motor vehicle records accessed by Defendants in violation of law and have claims pursuant to the DPPA and 28 U.S.C. §§ 1983 and 1988.  The class is defined as:

> All persons who, in August 2013, had their motor vehicle records disclosed to Chad Tucker and Strateco, LLC.[8]

26.     Certification of Plaintiffs' claims for class treatment is appropriate because they can prove the elements of their claims on a class wide basis using the same evidence as would be used to prove the elements in an individual action alleging the same claims.

27.     Numerosity.  Pursuant to Fed. R. Civ. P. 23(a)(1), the members of the class are so numerous that joinder of all class members is impracticable.  On information and belief, the number of class members exceeds 30,000.

28.     Commonality & Predominance.  Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(b)(3), there are questions of law or fact common to the members of the class and the common questions of law or fact predominate over those affecting individual members, including but not limited to the following:

---

[8] Excluded from the class are: Defendants Hastie and Matranga, and their immediate families; all persons who make a timely election to be excluded from the class; the judge to whom this case is assigned and any immediate family members thereof.

a.  Whether Defendants obtained, disclosed and/or used personal information from approximately 30,000 motor vehicle records.

b.  Whether Defendants conduct in obtaining, disclosing, and/or using approximately 30,000 motor vehicle records violated the DPPA.

c.  Whether Defendants knew that their conduct in obtaining, disclosing and/or using approximately 30,000 motor vehicle records was for purposes not permitted under the DPPA.

d.  Whether Plaintiffs and Class Members are entitled to liquidated damages of $2,500 per DPPA violation pursuant to 18 U.S.C. §2724 (b)(1).

e.  Whether Plaintiffs and the Class Members are entitled to damages pursuant to 42 U.S.C. §1983.

f.  Whether Plaintiffs and Class Members are entitled to punitive damages pursuant to 18 U.S.C. §2724(b)(2).

g.  Whether Plaintiffs and Class Members are entitled to reasonable attorneys' fees and other litigation costs reasonably incurred pursuant to 18 U.S.C. §2724(b)(3), 42 U.S.C. §1988, and other applicable law.

29.  <u>Typicality</u>.  Pursuant to Fed. R. Civ. P. 23(a)(3), Plaintiffs' claims are typical of the claims of the Class Members.  All common questions are able to be resolved in one case and arise out of the same common factual occurrences as specifically and/or generally alleged herein.

30.  <u>Adequacy of Representation</u>.  Pursuant to Fed. R. Civ. P. 23(a)(4), Plaintiffs will fairly and adequately protect the interests of the Class.  Plaintiffs have no individual claims that are antagonistic to those of the Class, and they intend to prosecute their claims vigorously.

Plaintiffs have retained competent and experienced counsel to represent their interests and protect the interests of the Class.

31.     <u>Superiority</u>.   Pursuant to Fed. R. Civ. P. 23(b)(3), a class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties will likely be encountered in the management of this class action.   The damages available to Plaintiffs and the Class Members are relatively small compared to the burden and expense that would be required to individually litigate their claims, so it would be impracticable for class members to seek redress individually.   The expense and burden of litigation would substantially impair the ability of the Class Members to pursue individual cases to protect their rights.

<b><u>COUNT I – VIOLATION OF THE DPPA</u></b>

32.     Plaintiffs incorporate herein the facts and allegations contained in paragraphs 1-31.

33.     Defendant Hastie was elected as the Mobile County License Commissioner in 2008 and began serving her first term as License Commissioner in 2009 and has served in that capacity up to the present date.

34.     As License Commissioner, Hastie was in charge of overseeing all of the License Commission's operations, departmental policy making, and ensuring the Commission's compliance with applicable laws and regulations.

35.     When Hastie entered office, the DPPA, as amended, had been the law regarding bulk distribution of Personal Information for almost a decade.   Hastie knew or should have known that the DPPA prohibited the disclosure of Personal Information for uses not permitted under the DPPA.

36.     In August 2013, Hastie instructed a License Commission employee to run a search of motor vehicle records and obtain the Personal Information, specifically email addresses, of all Mobile County residents who lived within the city limits of Mobile, and whose information had been gathered when said residents were obtaining/renewing licenses or motor vehicle permits/tags, and to place that Personal Information on a thumb drive.

37.     Defendant Hastie's conduct in accessing, obtaining, disclosing and/or using the Plaintiffs' and the Class Members' motor vehicle records violated 18 U.S.C. § 2724(a).

38.     Hastie was the official at the License Commission with final decision making authority and she ratified the illegal action.

39.     Defendant Hastie then ordered that the electronic device containing the Personal Information of more than 30,000 Mobile County residents be provided to Tucker and Strateco.

40.     Tucker and Strateco utilized the Personal Information for a purpose not allowed under the DPPA by sending out a mass email to over 30,000 Mobile County residents urging said residents to vote for the political candidate that they represented.   The email contained a photograph of, and endorsement letter from, Commissioner Hastie herself.

41.     Defendants are "persons" within the meaning of 18 U.S.C. § 2724(a) and 18 U.S.C. § 2725(2).

42.     Email addresses are "Personal Information" under DPPA.   The DPPA defines Personal Information as "information that identifies an individual, **including** [a] ... driver identification number, name, address ..., [or] telephone number, ... but does not include information on vehicular accidents, driving violations, and driver's status."   (18 U.S.C. § 2725(3) (emphasis added).

> "In civil cases, the Supreme Court instructs us that the word 'including' signifies an illustrative, but not exhaustive, statutory construction.   See *Campbell*

*v. Acuff-Rose Music, Inc*., 510 U.S. 569, 577 (1994) ('The text employs the terms 'including' and 'such as' in the preamble paragraph to indicate the 'illustrative and not limitative' function of the examples given...'). In this case, the word 'including' is used in a list of terms describing personal identifiers; it signifies information that the state licensing authorities collect related to personal information. In does not signal an exhaustive list of information that licensing authorities must refrain from disclosing. Read simply and in the context of the statute, personal information includes information collected by the state licensing authority that identifies an individual. 18 U.S.C. § 2725(3). This includes personal email addresses. *Cf. Gov't Accountability Project v. U.S. Dep't of State*, 669 F.Supp. 2d 97, 106 (D.D.C. 2010) judgment entered 2010 WL 1245689 (D.D.C. Mar. 29, 2010) ('Here, the private individuals mentioned in these records have a clear privacy interest in avoiding the disclosure of their personal email addresses.')." *Capp v. Nordstrom, Inc.,* No. 2:13-CV-00660-MCE-AC, 2013 WL 5739102, at *6 (E.D. Cal. Oct. 22, 2013).

*U.S.A. v. Hastie*, *et al*. CR No. 14-00291-CG-N, Doc. No. 140 (S. Dist. of AL, March 19, 2015).

43.    "Email addresses that customers give to the License Commission in the course of business are "personal information" that the Commission is not legally entitled to disclose absent an enumerated DPPA exception. ... Personal email addresses are protected under the DPPA." *Id.*

44.    In August 2013, Defendant Hastie knowingly, and under misinterpretation of federal law, accessed, obtained, disclosed and used Personal Information as defined in 18 U.S.C. § 2725 (3) for purposes not permitted by the DPPA and without the express consent of the person to whom the information pertains.

45.    Defendant Hastie's actions violated the DPPA.

46.    Pursuant to 18 U.S.C. § 2724, Defendants are liable to Plaintiffs and the Class Members for actual damages, but not less than liquidated damages in the amount of $2,500 per individual, per occurrence, plus reasonable attorneys' fees and all other costs associated with this litigation.

47.    Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action. Pursuant to 18 U.S.C. § 2724 (b)(3), Plaintiffs and the Class Members are

entitled to recovery of their reasonable attorneys' fees plus other litigation costs reasonably incurred.

## COUNT II - VIOLATION OF 42 U.S.C. § 1983

48.    Plaintiffs incorporate herein the facts and allegations contained in paragraphs 1-47.

49.    Plaintiffs and the Class Members had a reasonable expectation of privacy as to the personal information provided to the Mobile County License Commission, as recognized by the DPPA.

50.    Title 42 U.S.C. § 1983 provides that "[e]very person who under color of any statute, ordinance, regulation, custom, or usage of any State or Territory of the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ..."  The procedures, practices and acts of Defendant Hastie, described above, have subjected Plaintiffs and Class Members to the deprivation of their rights of privacy secured to them by the DPPA and are therefore in violation of 42 U.S.C. § 1983.

51.    Defendant Hastie unlawfully obtained, disclosed and/or used the Plaintiffs' and the Class Members' Personal Information obtained in connection with their motor vehicle records while engaging in her capacity as a government official and employee of Mobile County.

52.    Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action.  Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to an award of reasonable attorneys' fees and all costs of this action.

11

WHEREFORE, Plaintiffs, individually, and on behalf of the Class Members, request this Honorable Court to enter judgment against Defendants, jointly and severally, for damages, reasonable attorneys' fees and all other litigation costs reasonably incurred.


Respectfully submitted,


*s/Kasie M. Braswell*
KASIE M. BRASWELL (brask5769)
E-mail:  kasie@braswellmurphy.com
*s/D. Brian Murphy*
D. BRIAN MURPHY (murpd0754)
E-Mail:  brian@braswellmurphy.com
**ATTORNEYS FOR PLAINTIFFS**

**BRASWELL MURPHY, LLC**
59 Saint Joseph Street
Mobile, Alabama 36602
Telephone: (251) 438-7503
Fax: (251) 438-7949


*s/W. Daniel "Dee" Miles, III*
W. DANIEL "DEE" MILES, III
E-mail:  dee.miles@beasleyallen.com
*s/Archie I. Grubb, II*
ARCHIE I. GRUBB, II
E-Mail:  archie.grubb@beasleyallen.com
**ATTORNEYS FOR PLAINTIFFS**

**BEASLEY,   ALLEN,   CROW,   METHVIN,
PORTIS & MILES, P.C.**
218 Commerce Street
Montgomery, Alabama 36830
Telephone: (334) 269-2343
Fax: (334) 954-7555


12

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 18th, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ Archie I. Grubb, II*
Of Counsel