# EXHIBIT A

IN THE UNITED STATES DISTRCIT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ANITRA DIAMOND and LEBARRON YATES, individually and on behalf of all others similarly situated,** * * * * | |
| **Plaintiffs,** * | |
| * | Civil Action No.: 1:15-cv-00204 |
| **vs.** * * | |
| **KIMBERLY HASTIE,** * * | |
| **Defendant.** * | |

**CONSENT ORDER GOVERNING CONFIDENTIAL MATERIALS AND DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

The parties have stipulated and agreed to entry of this consent order, which meets the Court's approval. Therefore it is ORDERED as follows:

**PROTECTIVE ORDER**

1. This Order shall extend to any documents designated as "CONFIDENTIAL" according to the terms and provisions set out below. Any such materials shall be designated as "CONFIDENTIAL" according to the procedures set forth below by the party in possession of said materials before they are disclosed, or retroactively, to any other party or individual permitted by this Order as set forth below.

2. All confidential information in this case shall be kept confidential by the parties and used solely for the purpose of investigating the claims and defenses asserted in this matter and for no other purpose. In no event shall any confidential information produced, generated, or disclosed in this case be publicly disclosed, or used in any other investigation or litigation, other than in conjunction with the investigation of the claims and defenses asserted in this matter.

1

3.      If any answer given or document produced in response to any discovery in this case contains any confidential information, the responding party may mark such information or document as "CONFIDENTIAL."  Any information or document so marked shall not be disclosed to any person except as may be permitted by this Order.  The designation of any information as "CONFIDENTIAL" shall be made narrowly and in good faith.

4.      This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to confidential information.

5.      The aforesaid designation as to documents shall be made by placing a rubber stamp impression, label, or other mark of the word "CONFIDENTIAL" on each page of the document and/or a cover page identifying a series of documents which the designating party wishes to designate as confidential.  All documents so designated shall be labeled prior to the transmission of a physical copy thereof to the receiving party, although such labeling may be done retroactively by reproducing such documents with the designated "CONFIDENTIAL" label.

6.      The parties may designate portions of deposition testimony as "CONFIDENTIAL" by so designating such testimony before, during, or after the deposition.  If testimony is designated as "CONFIDENTIAL," the designating party will clearly state on the record the reason for such designation.  Simply denominating testimony as confidential is insufficient for purposes of this Order.  The designation of testimony as confidential will not render the entire deposition as confidential.  Only the specific portion of the testimony will receive a preliminary confidential designation.  If testimony is designated as confidential following the deposition, said designation must be made no later than thirty (30) days after receipt of said deposition transcripts.  Within those 30 days, the proponent of confidential treatment of all or any portion of the deposition shall serve on all counsel of record a designation of confidentiality that identifies by page those pages to be marked, in a manner which will not interfere with their legibility, with the word

"CONFIDENTIAL." Any court reporter or videographer who transcribes or records testimony in this action at a deposition shall agree, before transcribing or recording any such testimony, that all "CONFIDENTIAL" testimony is and shall remain confidential and shall not be disclosed except as provided in this Order; the copies of any transcript, reporter's notes, or recording or other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter, or delivered to attorneys of record, or filed under seal with the Court.

7. Subject to the provisions below, information and documents designated as "CONFIDENTIAL" shall be disclosed only to the Court, the trier of fact, the parties, their attorneys, witnesses or potential witnesses (including expert witnesses), and persons assisting counsel. As used herein, the term "parties" includes the parties' officers, directors, and employees in a management capacity.

8. If any party or attorney for any party in this litigation desires to give, show, make available, or communicate any information or document designated "CONFIDENTIAL" to any person, other than the Court, the trier of fact, a party, or a party's counsel and staff, such as to any witness, potential witness and/or expert witness, the attorney or party shall first give a copy of this Protective Order to such person, who shall read this Protective Order, be fully familiar with its provisions, and execute the attached affirmation.

9. Inadvertent production of any document or material without a designation of "CONFIDENTIAL" will not be deemed to waive a party's claim as to its confidential nature or estop the party from so designating the particular document or material as confidential at a later date, as long as the producing party or person, promptly after discovery of the inadvertent production without a "CONFIDENTIAL" designation, notifies the other party or parties of the inadvertent production. Disclosure of such document or material by any party prior to such designation, however, shall not be deemed in violation of the provisions of this Order. After a

belated designation has been made, however, the relevant materials or testimony shall be treated as confidential in accordance with this Order. A party that inadvertently discloses confidential information shall give notice of an inadvertent disclosure within 10 days after discovery of such inadvertent disclosure.

10. The Protective Order shall not, in itself, be construed to waive any applicable privilege, work-product protection, or other protection or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege, work-product protection, or other protection, as long as the producing party or person, promptly after discovery of the inadvertent production, notifies the other party or parties of the claim of privilege or other protection or immunity. A party that inadvertently discloses material protected by privilege, work-product protection, or other protection shall give notice of the inadvertent disclosure within 10 days after discovery of such inadvertent disclosure. Upon such notice, the other party or parties shall promptly destroy all copies of the documents or information referred to and notify the producing party or person that it has done so. Such destruction and notice shall not constitute an acknowledgment that the claimed document or information is in fact privileged or entitled to protection or immunity.

11. With respect to any information or document, or portion thereof, which has been designated "CONFIDENTIAL," any party may at any time serve a written notice of objection to such designation. Counsel shall attempt to resolve the dispute informally. If no agreement can be reached, counsel may move the Court for an Order denying confidential treatment to the documents or information in question. If such a motion is filed, the documents and/or information shall be kept confidential pending a ruling on the motion. The party asserting confidentiality has the burden to prove that the documents and/or information deserve such treatment.

12.     Before filing any information that has been designated "CONFIDENTIAL" with the Court, or any pleadings, motions, or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed.  If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials with notice served upon the producing party.  The filing of the materials under seal shall not be binding on the Court, however.  Within ten (10) days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal the documents designated "CONFIDENTIAL."

13.     After the termination of this litigation, the restrictions on communications and disclosures provided for herein shall continue to be binding upon the parties and upon all of the persons to whom documents, answers to interrogatories, deposition transcripts or other items of discovery designated as "CONFIDENTIAL," or material contained herein have been communicated or disclosed pursuant to the provisions of this Protective Order or any other order of the Court.  Further, all documents designated as "CONFIDENTIAL," including all copies which may have been disclosed to expert witnesses, shall be returned to the party producing it or destroyed, with a written certificate of such destruction being provided by counsel for the receiving party, within thirty (30) days of the disposition of all claims and defenses in that litigation, whether by settlement, judgment, or otherwise.

14.     This Protective Order is intended to provide a mechanism for the handling of confidential documents and information.  It is not intended by the parties to act as a waiver of the right to object to any disclosure of information or production of any documents they deem confidential on any grounds they may deem appropriate, including, without limitation, confidentiality, relevance, or privilege.

15.     Nothing in this Protective Order shall preclude any of the parties from otherwise seeking a modification of this Protective Order through motions made before this Court.

16.     At the conclusion of this litigation, the Court shall retain jurisdiction in the case for enforcement of this Order.

## ESI PROTOCOL

**1.    General Principles**

(a)     An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

(b)     The proportionality standard set forth in Fed. R. Civ. P. 26(b)(2)(C) should be applied in each case when formulating a discovery plan.  To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as practicable.

**2.    ESI Disclosures**

(a)     Within 30 days after entry of this Order each party shall disclose:

  (i)    <u>Custodians</u>:  The custodians most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under his/her control.

  (ii)   <u>Non-custodial data sources</u>:  A list of non-custodial data sources (e.g. shared drives, servers, etc.), if any, likely to contain discoverable ESI if within the party's possession, custody, or control.

  (iii)  <u>Third Party Data Sources</u>:  A list of third party data sources, if any, likely to contain discoverable ESI (e.g. third party email and/or mobile device providers, "cloud" storage, etc.) and for each such source, indicate the extent to which a party is (or is not) able to preserve information stored in the third party data source if within the party's possession, custody, or control.

6

(iv) Inaccessible Data: A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(C)(i). Note: Section 3(b)(i)-(vii) below sets forth data sources and ESI which are not required to be preserved by the parties. Those data sources and ESI do not need to be included on this list.

3. **ESI Preservation**

(a) Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control. All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded below).

(b) Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

(i) Deleted, slack, fragmented, or other data only accessible by forensics.

(ii) Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

(iii) On-line access data such as temporary internet files, history, cache, cookies, and the like.

(iv) System metadata.

(v) Back-up data that are duplicative of data that are more accessible elsewhere.

(vi) Server, system or network logs.

(vii) Data remaining from systems no longer in use that is unintelligible on the systems in use.

(viii) Electronic data (e.g. email, calendars, contact data, notes, and text messages) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), *provided* that a copy of all such electronic data is saved

elsewhere in an accessible form and source (such as on a server, laptop, desktop computer, or "cloud" storage).

(c) The parties may confer on any other categories of ESI that may not need to be preserved, in light of the General Principles set forth above, and determine whether the parties can agree that such categories can be added to the non-preservation list above.

**4. Issues of Privilege:**

(a) With respect to privileged or attorney work product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

(b) The production of any discovery material by any party shall be without prejudice to any subsequent claim by the producing party that such discovery material is privileged or attorney-work product and shall not be deemed a waiver of any such privilege or protection.

(c) A producing party shall give notice of an inadvertent disclosure of privileged or confidential information within 10 days after discovery of such inadvertent disclosure.

**5. Other ESI Discovery Protocols:**

(a) *On-site inspection of electronic media*. Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

(b) *Search methodologies*.

  (i) The parties will confer and attempt to agree on search methodologies for locating responsive, discoverable information within 14 days of any request for production. Some of the methodologies that may be considered include the use and exchange of keyword search lists, "hit reports," and/or responsiveness rates; concept search; machine learning or other advanced analytical tools; limitations on the fields or file types to be searched; date restrictions; testing; sampling; etc.

  (ii) Absent the parties' agreement, then they shall proceed as follows: a producing party shall disclose what filters and search terms, if any, were used to locate ESI likely to contain discoverable information. If search terms were not used, a party shall disclose the search methodology used to

8

    locate ESI likely to contain discoverable information and shall, if challenged by the opposing party, bear the burden of defending that search methodology.

(iii) If the receiving party is not satisfied with the search terms used by the producing party, the parties shall confer in good faith on additional terms or queries.  Focused terms and queries, rather than overbroad ones (e.g., product and company names), shall be employed. The search terms shall be narrowly tailored to particular issues.  Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction.  A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word.  Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.  Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the producing party shall reserve the right to seek recovery of additional costs.

(iv) *Format*. The parties shall confer and attempt to agree in writing, sufficiently in advance of a production to allow a party to seek court intervention if necessary, on the format in which they shall produce ESI.  The parties' decisions may depend on among other issues the nature of the information or documents being produced. In any event, the governing Federal Rules of Civil Procedure apply so that documents may be produced as kept in the ordinary course of business.  This means, at a minimum, that any electronic documents and information that are searchable shall be produced in a searchable format.  On the other hand, ESI or other documents and information that are not text searchable need not be made text searchable by the producing party.

  The parties should confer on whether ESI stored in a database or a database management system can be produced by querying the database for discoverable information, resulting in a report or a reasonably usable and exportable electronic file for review by the requesting counsel or party.

  The party producing the ESI shall have the opportunity to review the data prior to production for the purpose of identifying privileged information and also notify the opposing party of inadvertently produced privileged information to the extent such is discovered after the fact.

        The parties agree that electronic mail shall be produced in ".pst" format.

    (v)    *Metadata fields*. Except as otherwise agreed, the parties shall at a minimum provide the following metadata, to the extent it exists, associated with any ESI produced to another party: (1) author(s); (2) sender(s); (3) recipient(s); (4) dates created and/or sent; (5) source(s); and (6) only to the extent a party actually chooses to utilize advanced technologies such as clustering, predictive coding, e-mail threading, etc., then all metadata necessary to enable the effective use of any such technology as attested by the vendor or developer supplying the technology.

(c)    *Date Range.*  The parties anticipate that they will be able to continue to work cooperatively in all respects, including reaching an agreement on a date range applicable to ESI requests and production.  If the parties cannot agree on a date range, after following the steps outlined hereinabove, they will return to the Court for guidance and/or a ruling on this issue.

This Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this Order, subject to the approval of the Court. The Court may amend, modify or dissolve this Protective Order at any time.

IT IS SO ORDERED this ___ day of _____, 2018.

 

_____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

### IN THE UNITED STATES DISTRCIT COURT
### SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **ANITRA DIAMOND and LEBARRON YATES, individually and on behalf of all others similarly situated,** | *<br>*<br>*<br>* |
| **Plaintiffs,** | * |
| | * |
| **vs.** | *   Civil Action No.: 1:15-cv-00204 |
| | * |
| **KIMBERLY HASTIE,** | * |
| | * |
| **Defendant.** | * |

### **CERTIFICATION**

1. My name is _____.

2. I live at _____.

3. I am employed as (state position) _____ by (state name and address of employer) _____.

4. I have read the Confidentiality Order that has been entered in this case, and a copy of it has been given to me.  I understand the provisions of this Order, and agree to comply with and to be bound by its provisions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 20__.

by_____<br>(signature).

11

# EXHIBIT B

### IN THE UNITED STATES DISTRCIT COURT
### SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **ANITRA DIAMOND and LEBARRON YATES, individually and on behalf of all others similarly situated,** | * * * * | |
| **Plaintiffs,** | * * | |
| vs. | * * | Civil Action No.:  1:15-cv-00204 |
| **KIMBERLY HASTIE,** | * * | |
| **Defendant.** | * | |

### NOTICE TO DEPOSITION WITNESSES

You are being shown one or more documents which have been designated as "Confidential" pursuant to an Order of this Court.  Except for providing testimony at this deposition, you may not disclose these documents or their contents to any person other than the attorney who represents you at this deposition.  Further, neither these documents nor their contents may be used by you for any purpose except that you may use them for your testimony in connection with this litigation.  In any event, you are prohibited from using them for any business, competitive, personal, private, public, or other non-litigation purpose.  The improper disclosure or use of these documents or their contents may result in the imposition of sanctions upon you by the Court.  If you wish a complete copy of the Court Order, a copy will be provided to you upon request.