IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ANITRA DIAMOND,** *et al.*,     ) | |
| ) | |
| **Plaintiffs,**     ) | |
| ) | |
| vs.     ) | Civil Action No. 1:15-cv-00204-KD-C |
| ) | |
| **KIMBERLY HASTIE, in her**     ) | |
| **individual capacity,**     ) | |
| ) | |
| **Defendant.**     ) | |

## ORDER

This action is before the Court on Defendant Nick Matranga's Motion for Entry of Partial Final Judgment Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and the response filed by Plaintiffs Anitra Diamond and Lebarron Yates (docs. 66, 68). Upon consideration, and for the reasons set forth herein, Defendant Matranga's motion is DENIED.

Defendant Matranga moves the Court to find that there is no just reason for delay in accordance with Rule 54(b) and to enter partial final judgment in his favor. Matranga argues that entering final judgment on his separable claims and the anticipated immediate appeal may resolve certain issues regarding immunity. He also argues that final judgment would provide closure, contribute to the orderly development of the action against the remaining Defendant Kimberly Hastie, serve the interests of judicial economy, and possibly conclude the action.

Plaintiff responds that the order dismissing the claims against Matranga "does not dispose entirely of a separable claim, therefore Rule 54(b) certification is inappropriate" (doc. 68, p. 2). Plaintiff argues that because the claims against Matranga and Hastie are based on the same underlying facts, seek the same damages, and are subject to the same appealable defense – Eleventh Amendment Immunity - the adjudicated claims against Matranga and the unadjudicated

claims against Hastie are intertwined, and thus the Court should not enter a Rule 54(b) final judgment.  Plaintiff argues that to find no just reason for delay, the Court must find that an immediate appeal would alleviate some danger of hardship or injustice cause by the delay, but that none exists.  Last Plaintiff argues that the potential for piecemeal litigation and the interests of efficient judicial administration – one appeal on all claims because of their similarity – weigh in favor of denying Defendant's motion.

> Rule 54(b) in relevant part provides as follows:
>
> (b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54

To enter final judgment pursuant to Rule 54(b), the district court must first decide whether the decision is final as to the disposition of an individual claim in a multiple claim action and whether there is "no just reason for delay." *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007).  With respect to entering a Rule 54(b) judgment, the Eleventh Circuit has explained as follows:

> As a prerequisite to Rule 54(b) certification, the district court must evaluate whether there is any just reason to delay the appeal of individual final judgments. The question requires the district court to balance judicial administrative interests and relevant equitable concerns. Consideration of the former factor is necessary to ensure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals.". The latter factor serves to limit Rule 54(b) certification to instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay.
>
> As these factors will often suggest contrary conclusions, Rule 54(b) certifications "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Recognizing that such circumstances will be

encountered only rarely, we have previously counseled district courts to exercise
the limited discretion afforded by Rule 54(b) conservatively.

*Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165–166 (11th Cir. 1997) (internal citations omitted).

In view of the Eleventh Circuit's opinion that Rule 54(b) certification is reserved for the unusual case and that the district court should exercise its discretion conservatively, the Court finds that Defendant's desire for finality is not enough to constitute a pressing need that outweighs the costs and risks of multiplying the number of proceedings or overcrowding of the appellate docket. Moreover, Defendant has not shown that any hardship or injustice would result from delay of final judgment until the conclusion of the action.  Accordingly, the motion is due to be denied.

**DONE** this the 31st day of July 2018.

        s/ Kristi K. DuBose
        KRISTI K. DuBOSE
        CHIEF UNITED STATES DISTRICT JUDGE