IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANITRA DIAMOND and LEBARRON YATES, individually and on behalf of all others similarly situated,<br>    Plaintiffs,<br><br>v.<br><br>KIMBERLY HASTIE, in her individual capacity,<br>    Defendant. | CIVIL ACTION: 1:15-00204-KD-C |

**ORDER**

This matter is before the Court on "Plaintiffs' Motion and Incorporated Memorandum in Support of Class Certification" (Docs. 78, 79) and Defendant's opposition (Doc. 83).

On April 14, 2015, Plaintiffs -- individually and on behalf of all others similarly situated -- filed a class action complaint alleging that Defendant unlawfully accessed, obtained, used and/or disclosed their personal information (motor vehicle records) in violation of both the *Drivers' Privacy Protection Act*, 18 U.S.C. § 2721, *et. seq.* (DPPA) (Count I) and Title 42 U.S.C. § 1983 (Count II). (Doc. 1, Doc. 36 (as amended)). Specifically, as alleged:

> During August 2013, Defendant Hastie…knowingly authorized, directed, ratified, approved, acquiesced in, committed, or participated in, acts and practices in direct violation of the DPPA when she ordered an employee of the Mobile County License Commission to access Plaintiffs' and the Class Members' Personal Information contained in motor vehicle records. Hastie ordered the employee to access motor vehicle records and gather the email addresses of all Mobile County residents who reside within the city limits and place that Personal Information onto an electronic storage device (a "thumb drive"). Hastie then ordered that the Personal Information be provided to the campaign of a local political candidate…[which]….knowingly received the Personal Information and utilized it in order promote a local political candidate….

(Id.)[1]

---

[1] On April 5, 2018, Plaintiffs originally asserted official capacity claims against Defendant were

1

On November 12, 2018, Plaintiffs moved to certify a class of similar situated individuals, asserting that certification is proper because the requirements of Federal Rules of Civil Procedure Rule 23(a) and Rule 23(b)(3) are satisfied. (Doc. 78). As grounds, Plaintiffs contend that certification under Rule 23(a) is proper because: 1) the class of over 30,000 plaintiffs is sufficiently numerous to render joinder impracticable; 2) defendant Hastie obtained, used, and/or disclosed DPPA protected personal information of each class member in an identical manner and therefore there are numerous issues of law and facts common to each class member: 3) the claims of the class representatives are typical of, if not identical to, the claims of the class as a whole; and 4) the class representatives will fairly and adequately protect the interests of the class. (Id.) Plaintiffs add that certification under Rule 23(b)(3) is proper because: "Hastie obtained, used, and/or disclosed the DPPA protected personal information of each class member in identical fashion; therefore, common questions of law and fact predominate over individual questions. Moreover, given the size of the proposed class, the utilization of the class action device is superior to other available methods of litigation and, as such, represents the most fair and efficient mode of adjudicating this controversy." On December 20, 2018, Defendant filed her opposition, asserting, in part, that: 1) the proposed class is so numerous that joinder of all members is impractical; 2) questions of law and fact are not common to class members; 3) the named plaintiffs are not typical of claims of the proposed class; and 4) Plaintiffs assert a Section 1983 claim as to which there is no statutory liquidated damages amount and class certification is not superior. (Doc. 83).

Rule 23(a) addresses prerequisites, stating that:

> **(a) Prerequisites.** One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

---

dismissed by the Court, and thus, only Plaintiffs' individual capacity claims against the Defendant remain. (Doc. 59).

>**(1)** the class is so numerous that joinder of all members is impracticable;
>**(2)** there are questions of law or fact common to the class;
>**(3)** the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>**(4)** the representative parties will fairly and adequately protect the interests of the class.

Fed R. Civ. P. 23(a). "For a district court to certify a class action, the named plaintiffs must have standing, and the putative class must meet each of the requirements specified in Federal Rule of Civil Procedure 23(a), as well as at least one of the requirements set forth in Rule 23(b)." Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1265 (11th Cir. 2009) (internal quotations omitted). Thus, Rule 23(a) requires a putative class to meet four requirements: 1) numerosity; 2) commonality; 3) typicality; and 4) adequacy of representation. Id. After satisfying Rule 23(a)'s prerequisites, a plaintiff must also show the case can proceed as a class under Rule 23(b).

Plaintiffs seek class certification under Rule 23(b)(3). Rule 23(b)(3) addresses types of class actions and provides that:

>**(b) Types of Class Actions.** A class action may be maintained if Rule 23(a) is satisfied and if:
>                                    ***
>**(3)** the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>>**(A)** the class members' interests in individually controlling the prosecution or defense of separate actions;
>>**(B)** the extent and nature of any litigation concerning the controversy already begun by or against class members;
>>**(C)** the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>>**(D)** the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). Thus when certification is sought under Rule 23(b)(3) courts must make two additional findings: 1) predominance -- common questions of law or fact predominate over questions affecting only individual members; and 2) superiority -- class action is superior to other

3

available methods for adjudicating the controversy.  Id.

Moreover, to certify a class, a trial court must conduct a "rigorous analysis" that "consider[s] the merits of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1266 (11th Cir. 2009). The court's decision to grant class certification lies within its sound discretion. Gulf Oil v. Bernard, 452 U.S. 89, 100 (1981).

Upon consideration, and in the court's discretion, it is **ORDERED** that Plaintiffs' motion (Docs. 78, 79) is **SET FOR AN EVIDENTIARY HEARING** on **January 24, 2019** at **2:00 p.m.,** in Courtroom 4B, of the U.S. District Court, 155 Saint Joseph St., Mobile, Alabama, 36602. Counsel shall be prepared to address whether the elements of both Rule 23(a) and Rule 23(b)(3) have been satisfied.

**DONE** and **ORDERED** this the **8th** day of **January 2019.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**