IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANITRA DIAMOND,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    CIVIL ACTION: 1:15-00204-KD-C |
| | ) |
| KIMBERLY HASTIE, in her individual capacity,<br>    Defendant. | )<br>)<br>) |

**ORDER**

This matter is before the Court on Plaintiff's motion to reconsider (Doc. 104) and motion to stay or extend deadlines (Doc. 105).

Specifically, on May 6, 2019, this Court denied Plaintiff Anitra Diamond (Diamond's) motion to certify the class. (Doc. 102). Diamond seeks reconsideration stating that "simply granting the parties access to the FBI's email list…will establish….predominance…and…alleviate the Court's concerns related to the superiority….[and] the Court's remaining related concerns are not recognized under Rule 23(b)(3) and are against the weight of authority." (Doc. 104 at 1).

According to Rule 23(c)(1)(C), "[a]n order that…denies class certification may be altered or amended before final judgment." "However, "'[i]n the absence of materially changed or clarified circumstances, or the occurrence of a condition on which the initial class ruling was expressly contingent, courts should not condone a series of rearguments on the class issues by either the proponent or the opponent of [the] class, in the guise of motions to reconsider the class ruling.'"…" Kubiak v. S.W. Cowboy, Inc., 2015 WL 12859422, *1 (M.D. Fla. Mar. 11, 2015) (internal citations omitted). See also Washington v. Vogel, 158 F.R.D. 689, 692-693 (M.D. Fla. 1994) (same). Thus, Diamond must show "'some justification'….'not simply a desire to have a

1

second…run at the same issues.'" Cabrera v. Government Empl. Ins. Co., 2015 WL 464237, *5 (S.D. Fla. Jan. 16, 2015). Similarly, "[u]nder Rule 60(b), "the court may relieve a party or its legal representative from a[n]…order…for the following reasons:….(6) any other reason that justifies relief." Fed.R.Civ.P. Rule 60(b). However, as expressed by this Court in Purveegiin v. Streiff, 2007 WL 2081241, *1 (S.D. Ala. Jul. 17, 2007) (internal citations omitted):

> "In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly."…The law is clear that a party may not properly utilize a motion to reconsider as a vehicle for rehashing arguments considered and rejected in the underlying order….

Diamond has moved for reconsideration of the denial of class certification under Rule 60(b)(6). Rule 60(b)(6) is the "catch-all" provision, providing for relief from judgment for "any other reason that justifies relief." To satisfy Rule 60(b)(6), Diamond "must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is ... a matter for the district court's sound discretion.'" Grant v. Pottinger-Gibson, 2018 WL 834895, *3 (11th Cir. Feb. 13, 2018) (quoting Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1317 (11th Cir. 2000) (omission in original) (internal quotation marks omitted)). And as reflected in case law discussing Rule 2(c)(1)(C), a motion to reconsider should not condoned if it presents a series of re-arguments equating to a second run at the Court's ruling.

Diamond fails to present any "other" reason that justifies reconsideration. Diamond has also not demonstrated circumstances that are sufficiently extraordinary to warrant such relief. Instead, Diamond revisits the arguments raised during class certification briefing and oral argument (i.e., that all concerns/factors could be met/resolved via access to the FBI list). The Court has already carefully considered, addressed, and resolved these matters. Additionally, as to the undersigned's discussion of "other factors" in arriving at the class certification ruling, Rule 23's

factors are non-exhaustive and non-exclusive, meaning the Court has discretion to consider other pertinent factors, which it did.  In short, Diamond's motion is tantamount to a second run at the Court's ruling and fails to demonstrate sufficient support meriting reconsideration.

Upon consideration, the Court **DENIES** Diamond's motion for reconsideration (Doc. 104), which in turn **MOOTS** Diamond's motion for a stay or extension (Doc. 105).

**DONE** and **ORDERED** this the **21st** day of **May 2019.**

/s/Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**