IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ARNITA DIAMOND, individually, )
    Plaintiff, )
     )
v. ) CIVIL ACTION: 1:15-00204-KD-C
     )
KIMBERLY HASTIE, in her individual )
capacity, )
    Defendant. )

**ORDER**

This matter is before the Court on the parties' joint motion to vacate the Court's summary judgment and dismiss Plaintiff's claims with prejudice. (Doc. 138).

**I.**     **Background**

This case was initiated on April 14, 2015, as the simultaneous criminal prosecution of the Defendant was ongoing. Specifically, Plaintiff Arnita Diamond (Diamond) filed a complaint alleging that Defendant Kimberly Hastie (Hastie) unlawfully obtained, used and/or disclosed her personal information (email address) from motor vehicle records in violation of the *Drivers' Privacy Protection Act*, 18 U.S.C. § 2721, *et. seq*. (DPPA) (Count I) and in violation of her privacy rights under 42 U.S.C. § 1983 (Count II). (Docs. 1, 28, 36 (amended)). In the criminal case, Hastie was ultimately convicted of violating the DPPA "by disclosing the email addresses collected by the License Commission to a political consulting firm to tout Hastie's support for a mayoral candidate." United States v. Hastie, 854 F.3d 1298,1300 (11th Cir. 2017).

In this case, the civil case, the merits of Diamond's claims -- on review via a motion to dismiss, as a potential class action (including an evidentiary hearing), on motion for summary judgment, etc. -- were *thoroughly* and *substantively* litigated. While the parties' dispute over

1

attorneys' fees was pending, on August 30, 2019, the parties filed a notice of settlement. On September 4, 2019, this case was dismissed with prejudice subject to the right of any party to move to reinstate within 60 days. (Doc. 137). On October 29, 2019, the parties moved to vacate the summary judgment and dismiss Plaintiff's claims, as part of the settlement agreement. (Doc. 138). As such, the instant relief sought is for this Court to vacate the order granting Plaintiff's motion for summary judgment (Doc. 121) and dismiss all of Plaintiff's claims with prejudice.

## II.    Discussion

Pursuant to Fed.R.Civ.P. 60(b), a district court may "relieve a party or a party's legal representative from a final judgment, order, or proceeding" for a number of reasons. While the movants do not assert any case law, much less pursuant to what rule they seek to vacate the Court's prior judgment (Rule 60(b) or otherwise), it appears that the motion is filed under Rule 60(b)(6)[1] for "any other reason that justifies relief." However, "[c]ourts are not obliged to vacate a prior order at the behest of the parties in order to facilitate settlement…if courts were required to vacate prior rulings after settlement 'any litigant dissatisfied with a trial court's findings would be able to have them wiped from the books.'" Reynolds v. Allstate Ins. Co., 2012 WL 4753499, *1 (N.D. Cal. Oct. 4, 2012). Additionally, even though a final judgment was not entered -- such that this Court has the authority to revisit its summary judgment rulings[2] -- case law indicates that the mere fact of a settlement is not necessarily a valid (or exceptional) reason to vacate a Court's prior order. And the decision to vacate a prior order once a settlement has been reached remains discretionary.

---

1 The parties have not asserted any of the Rule 60(b)(1-5) grounds.

2 United States v. Benz, 282 U.S. 304, 306-308 (1931) ("The general power of the court over its own judgments, orders, and decrees, in both civil and criminal cases, during the existence of the term at which they are first made, is undeniable.")

The Supreme Court has explained as follows, regarding the propriety of a motion to vacate, noting the need for "exceptional circumstances":

> We hold that mootness by reason of settlement does not justify vacatur of a judgment under review. This is not to say that vacatur can never be granted when mootness is produced in that fashion. As we have described, the determination is an equitable one, and exceptional circumstances may conceivably counsel in favor of such a course. It should be clear from our discussion, however, that those exceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur-which neither diminishes the voluntariness of the abandonment of review nor alters any of the policy considerations we have discussed. Of course even in the absence of, or before considering the existence of, extraordinary circumstances, a court of appeals presented with a request for vacatur of a district-court judgment may remand the case with instructions that the district court consider the request, which it may do pursuant to Federal Rule of Civil Procedure 60(b).

U.S. Bancorp Mortg. Co. v. Bonner Mall P'p, 513 U.S. 18, 29 (1994).[3] The Eleventh Circuit in

---

[3] The "principal condition" to which courts look when engaging the vacatur calculus is "whether the party seeking relief from the judgment below caused the mootness by voluntary action." Id. at 24. Vacatur is ordinarily appropriate when mootness results from vagarious circumstance or the unilateral act of the prevailing party. Id. at 25. When mootness stems from a settlement, however, the presumption is different, as in that situation, "the losing party has ... surrender[ed] [its] claim to the equitable remedy of vacatur. The judgment is not unreviewable, but simply unreviewed by [the losing party's] own choice." Id. The presumption, therefore, is that the judgment previously obtained should remain intact. Id. See also e.g., Evans v. Mullins, 130 F.Supp.2d 774, 776 (W.D. Va. 2001) (providing that "[w]hile it is true that there is a strong policy in favor of encouraging settlements, that interest is not necessarily served by granting vacatur pursuant to the settlement agreement … Judicial economy is not achieved where … the time and resources attendant to bringing a trial to fruition have already been spent, only to be undone because the parties have settled at the end of the day …'[s]ome litigants, at least, may think it worthwhile to roll the dice rather than settle in the district court ... if, but only if, an unfavorable outcome can be washed away by a settlement-related vacatur.' *U.S. Bancorp* …. 513 U.S. at 28 … In other words, if post-judgment vacatur were a readily available option, parties would be less likely to settle at earlier stages of the controversy. Thus, the parties' interest in the private settlement of their dispute is not strong in this case, because of the disincentive their position creates for prejudgment settlements[]"). See also e.g., Norfolk Southern Ry. Co. v. Brampton Enterp., LLC, 2009 WL 249811, *1 (S.D. Ga. Feb. 2, 2009) (concluding, in response to the parties seeking to vacate the summary judgment order due to a settlement, that "the Parties have not demonstrated extraordinary circumstances that would justify this Court vacating its prior judgment … the Parties' only basis for relief under Rule 60(b)(6) is that the finality of their settlement agreement is predicated on this Court vacating its prior judgment. That basis, however, is woefully insufficient[]"); Gulfstream Aerospace Corp. v. Camp Sys. Int'l, Inc., 2007 WL 2469577, *2 (S.D. Ga. Aug. 30, 2007) (emphasis in original) (noting that "Gulfstream does not even explain *why* it seeks vacatur, other than the mere fact that it negotiated the right to do so and now professes that its "continuing concern over the Orders is evident …" … Concern about what? Both opinions are in the public domain (one is unpublished, but anyone can find it on the Court's public docket), so entering a formal order vacating them at most would be a symbolic act. Symbolic acts, like advisory opinions, should play no part in the federal judicial process. If all vacatur does is salve a wounded ego, that would not advance the public's interest. Granting Gulfstream's motion here, for that matter, would only create a precedent for more such motions-thus wasting more judicial resources[]").

Hartford Cas. Ins. Co. v. Crum & Forster Spec. Ins. Co., 828 F.3d 1331, 1334 (11th Cir. 2016) recently highlighted the following from Bancorp:

> …the Court laid out a balancing approach in the "equitable tradition of vacatur." Id. at 24–25, 115 S.Ct. at 391–92. The "principal condition" that must be determined "is whether the party seeking relief from the judgment below caused the mootness by voluntary action." Id. at 24, 115 S.Ct. at 391. If so, that party should not be entitled to relief because "the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari," as "the case stands no differently than it would if jurisdiction were lacking because the losing party failed to appeal at all." Id. at 25–26, 115 S.Ct. at 392. Even if granting a request for vacatur would be fair to the party opposing it because "the parties are jointly responsible for settling" and thus "may in some sense" be thought to be "on even footing," the required balancing "must also take account of the public interest," as is true of any equitable remedy. Id. at 26, 115 S.Ct. at 392. By "disturb[ing] the orderly operation of the federal judicial system" and using vacatur "as a refined form of collateral attack on" unfavorable judgments, the public interest would be disserved because "[j]udicial precedents are presumptively correct and valuable to the legal community as a whole." Id. at 27, 115 S.Ct. at 392 (quotation marks and citation omitted). The Court concluded its analysis by reiterating the equitable nature of its adopted approach and declined to impose a bright-line rule against vacatur in all cases mooted by settlement because there may be "exceptional circumstances" that would warrant vacatur. Id. at 29, 115 S.Ct. at 393. The Court cautioned that "those exceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur." Id.

With the foregoing in mind, the Court finds as follows. The parties failed to cite any case law supporting vacatur under the present circumstances, much less allege or establish "extraordinary circumstances" justifying vacatur. Moreover, the Court finds that the equitable remedy of vacatur is not available under the circumstances of this case, particularly as "[t]he fact that a party conditions a settlement on achieving vacatur does not by itself provide the needed equitable circumstances. Such a rule would essentially remove the decision from the court and hand it to the parties, in violation of the *U.S. Bancorp* rule." In re Admetric Biochem, Inc., 300 B.R. 141, 148 (Bkrtcy. D. Mass. 2003). Further, as to the public interest concerns, this case was *rooted* in same (violations of privacy rights), and the parties "rolled the dice" with respect to the motion for summary judgment; thus, to the extent they now endeavor to change the outcome via

4

settlement, vacatur (versus, for example, an appeal) is an improper vehicle for such relief. Bancorp, 513 U.S. at 26, 28.  See, e.g., In re Hiller, 179 B.R. 253, 259-260 (Bankr. D. Colo. 1994).

Based on the foregoing, it is **ORDERED** that the Joint Motion to Vacate (Doc. 138) is **DENIED**.

**DONE** and **ORDERED** this the **30th** day of **October 2019.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**